# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth Roberto, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 542 M.D. 2014 |
| | : | |
| The Pennsylvania State Police of the | : | Argued: September 16, 2015 |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                  HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge[2]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]              **FILED: January 14, 2016**

      Before this Court in our original jurisdiction are the Preliminary Objections

(POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

Kenneth Roberto's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). Petitioner pled guilty to Sexual Abuse of Children-Photographing, Videotaping, Depicting on Computer or Filming Sexual Acts,[4] and Obscene and Other Sexual Materials and Performances – Dissemination to Minors[5] on April 1, 2003 and pled guilty to Corruption of Minors[6] on April 9, 2003. (Petition for Review ¶¶ 4-5.) Petitioner was sentenced

---

[4] Section 6312(b) of the Crimes Code, 18 Pa. C.S. § 6312(b). The offense is described as follows:

> (1) Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed.
>
> (2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

Id.

[5] Section 5903(c)(1) of the Crimes Code, 18 Pa. C.S. § 5903(c)(1). A person violates this provision by "knowingly disseminat[ing] by sale, loan or otherwise explicit sexual materials to a minor." Id. Such materials include those that "are obscene or: (1) any picture, photograph, drawing, sculpture, motion picture film, videotape or similar visual representation or image of a person or portion of the human body which depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors." Id.

[6] Section 6301(a) of the Crimes Code, 18 Pa. C.S. § 6301(a). The offense is defined as:

> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or

*(Continued…)*

to "five (5) years of probation and the completion of the Teen Challenge Program." (Petition for Review ¶ 6.) Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he was required to register only for ten years. (Petition for Review ¶ 7.) According to Petitioner's allegations, Petitioner's understanding that he was only required to register as a sexual offender for ten years "was an important consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon." (Petition for Review ¶ 8.) On December 3, 2012, the PSP notified Petitioner that pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[7] Petitioner was now a Tier II

---

encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

(2) Any person who knowingly aids, abets, entices or encourages a minor younger than 18 years of age to commit truancy commits a summary offense. Any person who violates this paragraph within one year of the date of a first conviction under this section commits a misdemeanor of the third degree. A conviction under this paragraph shall not, however, constitute a prohibition under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

Id.

[7] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law. Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in
*(Continued…)*

3

offender, required to register twice a year for twenty-five years and that his registration information will be placed on the PSP's website for the same period of time. (Petition for Review ¶ 11.) Petitioner alleges that this increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution. (Petition for Review ¶¶ 13-16, 18.) Further, Petitioner alleges that SORNA is an ex post facto law as applied to him because two of the crimes he pled guilty to were not categorized as Megan's Law offenses at the time of his negotiated plea agreement. (Petition for Review ¶ 19.) Petitioner seeks specific performance of his plea agreement with the Commonwealth and an order declaring that he is not required to register beyond ten years as the increased registration and notification requirements imposed upon him by SORNA are, for the above-stated reasons, unconstitutional. (Petition for Review ¶¶ 20-21, Wherefore Clause.)

---

Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

The PSP demurs to the Petition for Review through six POs. The PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified as a Tier II offender due to his pleading guilty to violating Section 6312(b) of the Crimes Code, which carries a twenty-five year registration requirement. (POs ¶¶ 25-29.) Second, the PSP alleges with regard to Petitioner's due process challenge that "'the question of whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 31 (quoting Gomer Williams, 832 A.2d 962, 970 n.13 (2003)).) Because this Court, in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015) and the Superior Court in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014) held that SORNA's requirements are not punitive, the PSP alleges that Petitioner's due process challenge fails. (POs ¶¶ 32-33.) Third, the PSP demurs to Petitioner's contract related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 34-41.) Next, the PSP alleges that Petitioner has not identified any constitutionally-protected interests and that SORNA poses no ex post facto concerns, citing Coppolino and Perez as binding authority to that end, as well as precedent holding that prior versions of Megan's Law were not ex post facto laws. (POs ¶¶ 43-46.) Fifth, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 48-58.) The PSP's final objections allege that Petitioner's ex post facto

challenge alleging that two of the crimes he pled guilty to were not classified as Megan's Law offenses is meritless because the third crime to which he pled guilty, Sexual Abuse of Children-Photographing, Videotaping, Depicting on Computer or Filming Sexual Acts, 18 Pa. C.S. § 6312(b), was a Megan's Law offense at the time of his conviction and Petitioner is now required to register under SORNA for twenty five years based solely on that offense. (POs ¶¶ 60-64.)

The PSP conceded at oral argument that, if Petitioner provided it with a sentencing order clearly showing that Petitioner was only required to register for ten years pursuant to a plea agreement, the PSP would be required to remove Petitioner from the registry after the ten year period expires. In light of this concession, Petitioner requested this Court at oral argument to stay further action on the claims asserted in the Petition for Review until Petitioner provides the PSP with his sentencing order and the PSP makes a determination as to whether the sentencing order clearly requires Petitioner to be removed from the registry once the ten year period expires.

We agree that, in the interest of judicial economy, we should hold our resolution of Petitioner's claims in abeyance, as we did in Dougherty v. The Pennsylvania State Police (Pa. Cmwlth., No. 537 M.D. 2014, filed January 12, 2016).[8] Should Petitioner provide the PSP with a sentencing order clearly stating that Petitioner is only required to register for ten years per a plea agreement, Petitioner's constitutional claims related to Petitioner's registration requirement under SORNA would become moot. Accordingly, we stay resolution of the PSP's

_____

[8] The instant case was argued with Dougherty and six other cases.

6

POs and direct Petitioner to provide the PSP and this Court with his sentencing order and any other relevant document showing that a ten year registration period was part of his plea agreement.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Roberto,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :     No. 542 M.D. 2014
                                          :
The Pennsylvania State Police of the      :
Commonwealth of Pennsylvania,             :
                                          :
                    Respondent            :

## O R D E R


     **NOW**, January 14, 2016, Kenneth Roberto's (Petitioner) oral motion to stay the disposition of the preliminary objections filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) made during the September 16, 2015 oral argument is **GRANTED**. Petitioner is hereby ordered to provide the PSP and this Court with his sentencing order and any other document showing that his plea agreement required him to register for only ten years within fifteen (15) days of this Order, and the PSP shall advise Petitioner and this Court of its determination based thereon within thirty (30) days of receipt thereof.


                             _____

                             **RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Roberto,                          :
                    Petitioner           :
                                         :
            v.                           :    No. 542 M.D. 2014
                                         :    Argued:  September 16, 2015
The Pennsylvania State Police of the     :
Commonwealth of Pennsylvania,            :
                    Respondent           :


BEFORE:     HONORABLE DAN PELLEGRINI, President Judge
            HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**CONCURRING OPINION BY**
**JUDGE LEADBETTER**                     **FILED:  January 14, 2016**


        For the reasons stated in *Dougherty v. Pennsylvania State Police* (Pa.
Cmwlth., No. 537 M.D. 2014, filed January 12, 2016), I respectfully concur in the
decision of the majority.


                              _____
                              **BONNIE BRIGANCE LEADBETTER,**
                              Judge